# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CRIMINAL CASE NO. 3:05cr100

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| ANTONIO ROBERT McCOY. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's *pro se* Motion [Doc. 23, filed March 11, 2008] seeking reevaluation of his Presentence Investigation Report and a *pro se* filing entitled "Memorandum of Law, in Support of Motion Seeking Modification of Sentence, Pursuant to 18 U.S.C. §3582(c)(2)" [Doc. 24, filed March 24, 2008], which is identical in substance to the Motion [Doc. 23]. The Presentence Investigation Report at issue was filed on January 13, 2006.

On May 1, 2008, this case was reassigned to the undersigned. A review of the case disclosed that the above-referenced Motion remains pending.

The Defendant was indicted on April 25, 2005 and charged with two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §922(g)(1). On November 4, 2005, he entered into a plea agreement with the Government, by which he agreed to plead guilty to Count One of the Indictment. The Court accepted his guilty plea pursuant to this plea agreement on November 16, 2005. On June 26, 2006, the Defendant was sentenced to seventy-five (75) months of imprisonment to run concurrently with the sentence imposed in another pending action, No. 3:99cr104. The Judgment of the Court reflecting this sentence was entered on July 17, 2006. [Doc. 20]. The Defendant did not appeal from this Judgment.

On March 11, 2008, the Defendant, proceeding *pro se*, filed the present Motion [Doc. 23], seeking reevaluation of his Presentence Investigation Report. For grounds, the Defendant argues that the Presentence Investigation Report is in error because three of his prior charges for which he received concurrent sentences on November 4, 1997, were not deemed to be "related cases" for the purpose of computing the Defendant's criminal history. The Defendant's second filing, entitled "Memorandum in Support of Motion Seeking Modification of Sentence,

Pursuant to 18 U.S.C. §3582(c)(2)" [Doc. 24], is identical in substance to this Motion [Doc. 23].

The Defendant claims to seek relief pursuant to 18 U.S.C. §3582(c)(2). This section, however, is not applicable to the issues Defendant seeks to raise of the circumstances Defendant presents. Section 3582(c)(2) provides that a defendant may seek a modification of his sentence where his term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. §3582(c)(2); Gibson v. United States, Nos. 1:06CV00332, 1:06CV436, 6:93CR211-1, 2006 WL 2095930, at *1 (M.D.N.C. May 11, 2006). The Defendant has not cited any amendment which lowered the applicable sentencing range, and the Court does not find that any such amendment would be applicable. The Defendant, therefore, is not entitled to relief under section 3582(c)(2), and for this reason, the Defendant's Motion [Doc. 23] must be denied.

The Defendant's second filing [Doc. 24] is identical in substance to his Motion [Doc. 23] but is styled a "Memorandum of Law in Support" of his Motion. To the extent that such filing is duplicative of the Defendant's Motion [Doc. 23], it likewise must be denied.

In arguing that the Court erred in applying the Guidelines, the Defendant seeks to collaterally attack his sentence, a motion which would more appropriately be brought pursuant to 28 U.S.C. §2255. Rather than recharacterize the Defendant's Motion as one seeking section 2255 relief, however, the Court will deny the present Motion without prejudice to refiling based upon any appropriate grounds, if any are applicable.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion [Doc. 23] seeking reevaluation of his Presentence Investigation Report is **DENIED WITHOUT PREJUDICE** to the refiling of the same as a motion to vacate sentence pursuant to 28 U.S.C. §2255, or otherwise as may be applicable.

**IT IS FURTHER ORDERED** that the Defendant's "Memorandum in Support of Motion Seeking Modification of Sentence, Pursuant to 18 U.S.C. §3582(c)(2)" [Doc. 24] is **DENIED**.

Signed: July 9, 2008

Martin Reidinger
United States District Judge